IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES D. BREWER #1939439 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv506 |
| WARDEN K. WHEAT | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James Brewer, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Warden K. Wheat of the Powledge Unit.

Brewer complains that he received a disciplinary case for being in possession of a weapon when all of the officers' statements indicated that he did nothing wrong. He states that Warden Wheat "allowed the case to go through and denied any wrongdoing," pointing to a Step One grievance signed by Wheat denying his appeal.

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The magistrate judge stated that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction and that Brewer failed to show a denial of due process in the fact that Wheat denied his grievance appealing the disciplinary case.

In his objections, Brewer argues that he was not guilty of the disciplinary case because the riot baton had been left in his wheelchair by Officer Sullivan and he, Brewer, had no intent to possess it. This was verified by the statements of Officer Robinson and Officer Peters. He contends

1

that Wheat, as warden, has the duty to overrule the guilty finding in the disciplinary case when error is discovered.

Brewer argues that he is not seeking to have his grievance satisfied, but to have the rule of law satisfied. He again maintains that by law, there must be an intent for the object to be used as a weapon for it to be a weapon. Brewer states that Warden Wheat upheld an unlawful, illegal and frivolous disciplinary case in bad faith.

As the magistrate judge properly concluded, Brewer claims that Wheat, the sole named defendant, wrongfully denied his grievance appealing the disciplinary conviction. The denial of the grievance was Wheat's only involvement in the matter. Brewer does not have a due process right to have his grievance challenging the disciplinary conviction resolved in his favor. His objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that a copy of this opinion shall be sent by the Clerk to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 8th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE